IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| JASON PAUL DAVIS, #172082, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 1:07-CV-970-WKW |
| ) | [WO] |
| ) | |
| LYNN DAVIS, ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil action, Jason Paul Davis ["Davis"], a state inmate, complains that Lynn Davis, his stepmother, deprived him of his constitutional rights in violation of 42 U.S.C. § 1983 and violated the Americans with Disabilities Act when she "called [plaintiff's] probation officer told him I was crazy and need[ed] to be put away." *Court Doc. No. 1 - Plaintiff's Complaint* at 3. The plaintiff argues his stepmother's actions resulted in state authorities effectuating his return to prison. He seeks monetary damages from Mrs. Davis for his time in prison.

Upon review of the complaint, the court concludes that dismissal of this case is appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. The 42 U.S.C. § 1983 Claims

The plaintiff alleges the defendant violated his right to due process under the Fourteenth Amendment. In describing the capacity in which the defendant acted, the plaintiff explains as follows:

> Defendant's son stole from Plaintiff's father [and] Plaintiff's father would not help Defendant's son with anything and did not like him. So Defendant does not like the Plaintiff. She was mad when asked to find a transaction center for Plaintiff. So Defendant lied about Plaintiff's mental state to probation officer.

*Court Doc. No. 13 - Plaintiff's Amendment to the Complaint* at 2. Although the plaintiff states Lynn Davis is employed as a correctional officer, a thorough review of the complaint, as amended, demonstrates that Mrs. Davis was not acting in her capacity as a correctional officer with respect to the actions about which the plaintiff complains; rather, it is clear she acted solely as a private individual with a familial relationship to the plaintiff when speaking with the probation officer.

An essential element of a 42 U.S.C. § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law or a person whose conduct is fairly attributable to the State. *American Manufacturers Mutual Ins. Co. v. Sullivan*, 526 U.S. 40, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999); *Parratt v. Taylor*, 451 U.S. 527 (1981); *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). To state a viable claim for relief under § 1983, a plaintiff must assert that he was

"deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach "'merely private conduct, no matter how discriminatory or wrongful,'" *Blum v. Yaretsky*, 457 U.S. 991, 1002, 102 S.Ct. 2777, 73 L.Ed.2d 534 (1982) (quoting *Shelley v. Kraemer*, 334 U.S. 1, 13, 68 S.Ct. 836, 92 L.Ed. 1161 (1948))." *American Manufacturers*, 526 U.S. at 49-50, 119 S.Ct. at 985. Consequently, the Eleventh Circuit has repeatedly insisted "that state action requires **both** an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' **and** that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.' *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937, 102 S.Ct. 2744, 73 L.Ed.2d 482 (1982); *see Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978)." *Id.*

The actions of the defendant's stepmother did not occur during her exercise of state authority and, therefore, the State cannot be held responsible for such actions. Consequently, with respect to the plaintiff's claims, she cannot fairly be considered a state actor. Additionally, it is clear that the challenged actions resulted from "merely private conduct" excluded from the reach of § 1983. In light of the foregoing, the court concludes that the allegations of constitutional violations presented against the defendant are frivolous and subject to summary dismissal in accordance with the provisions of 28 U.S.C. §

1915(e)(2)(B)(i).

### B. Violation of the Americans with Disabilities Act ["ADA"]

The complaint alleges a violation of the ADA, 42 U.S.C. § 12101, *et seq*. *Court Doc. No. 13 - Plaintiff's Amendment to the Complaint* at 3 (The defendant violated "Plaintiff's rights [under] the Americans with Disabilities Act by discriminating against Plaintiff because of his disability.").[2] Under the circumstances of this case, this claim likewise provides no basis for relief.

The court understands Davis to bring his claim under Title II of the ADA, 42 U.S.C. § 12132, which pertains to public services. This section of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." The Act defines "'public entity'" to include "any State or local government" and "any department, agency, ... or other instrumentality of a State." 42 U.S.C. § 12131(1). To set forth a claim cognizable "under Title II of the ADA, a plaintiff must establish: (1) that he is a qualified individual with a disability; (2) that he was excluded from the participation in or denied the benefits of the services, programs, or activities of a public entity or otherwise subjected to discrimination by such entity; (3) by reason of such disability." *Shotz v. Cates,* 256 F.3d 1077, 1079 (11th Cir. 2001) (*citing* 42

---

[2]The plaintiff does not identify his alleged disability but does state he suffers from mental health issues.

U.S.C. § 12132). Assuming, *arguendo*, that Davis otherwise meets the requirements of the ADA, he does not allege any discriminatory action by a public entity. Instead, the plaintiff's claims arise from actions undertaken by his stepmother. These claims are therefore subject to summary dismissal pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

### C. State Law Claims

To the extent Davis seeks to present claims against his stepmother which may be appropriate under state tort law, review of these claims is appropriate only upon exertion of this court's supplemental jurisdiction. In the posture of this case, the court concludes that exercise of supplemental jurisdiction is inappropriate.

The court's exercise of supplemental jurisdiction over state law claims is completely discretionary. Under 28 U.S.C. § 1367(c)(3), the court may "decline to exercise supplemental jurisdiction over a [state law] claim if the district court has dismissed all claims over which it has original jurisdiction...." The court's discretion is advised by *Untied Mine Workers v. Gibbs*, 383 U.S. 715 (1966), in which the Court held that "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law. Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *Id.* at 726. In *Carnegie-Mellon University v. Cohill*, 484 U.S. 343 (1988), the Supreme Court reiterated that "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law

claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice...." The court therefore concludes that Davis' potential state law claims should be dismissed without prejudice.

## II. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that:

1. The plaintiff's 42 U.S.C. § 1983 claims be dismissed with prejudice in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

2. The plaintiff's claims arising under the Americans with Disabilities Act be dismissed with prejudice pursuant to the directives of 28 U.S.C. § 1915(e)(2)(B)(i).

3. To the extent the plaintiff seeks to proceed against the defendant under state law, these claims be dismissed without prejudice.

4. This case be dismissed with prejudice prior to service of process.

It is further

ORDERED that on or before March 10, 2008 the parties may file objections to this Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of February, 2008.

        /s/Charles S. Coody
        CHARLES S. COODY
        CHIEF UNITED STATES MAGISTRATE JUDGE